UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELISSA ROBERTSON AND MARK
ROBERTSON

CIVIL ACTION

VERSUS

NUMBER 12-45-JJB-SCR

AMERICA'S THRIFT STORES OF
LOUISIANA, L.L.C., ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants America's Thrift Stores of Louisiana, L.L.C. and Pennsylvania National Mutual Casualty Insurance Company removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in the Notice of Removal the defendants alleged that the plaintiffs "are residents of the Parish of Ascension, State of Louisiana," defendant America's Thrift Stores of Louisiana, L.L.C. "is a foreign Limited Liability Company ... incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Alabama," and Pennsylvania National Mutual Casualty Insurance Company is "organized under the laws of the State of Pennsylvania and its principal place of business is located in the State of Louisiana."[1]

When jurisdiction depends on citizenship, the citizenship of

---

[1] Record document number 1, Notice of Removal, ¶¶ 15, 16. Defendants alleged that Pennsylvania National Mutual Casualty Insurance Company is a

each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendants' jurisdictional allegations are not sufficient to establish diversity jurisdiction. Rather, the allegations show that this court probably does not have subject matter jurisdiction.

---

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990). The determination of the citizenship of the parties in this case is not affected by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Plaintiffs are alleged to be "residents" of Louisiana. The state of which a person is a resident is not always equivalent to the state of which it is a citizen. The better practice is to allege the state of which the person is a citizen.

Because defendant America's Thrift Stores of Louisiana is organized as a limited liability company, its citizenship cannot be determined from the defendants' allegations. The state where a limited liability company is organized and where it has its principal place of business does not determine its citizenship.

But most problematic is the allegation that defendant Pennsylvania National Mutual Casualty Insurance Company has its principal place of business in Louisiana – which makes it a Louisiana citizen for the purpose of §§ 1332(a) and (c). Because both of the plaintiffs are (presumably) Louisiana citizens and so is defendant Pennsylvania National Mutual Casualty Insurance Company, there is not complete diversity of citizenship between the plaintiffs and the defendants.

Therefore;

IT IS ORDERED that removing defendants America's Thrift Stores of Louisiana, L.L.C. and Pennsylvania National Mutual Casualty Insurance Company shall have 14 days to file an Amended Notice of Removal which clarifies the citizenship of the plaintiffs and properly alleges the citizenship of defendant America's Thrift Stores of Louisiana, L.L.C.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, January 27, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE